Oldham, Judge. The paper signed by Brown and offered to be given in evidence by the defendant below, was improperly excluded by the court. The paper itself may not be sufficient to establish the plea of usury, but being connected with the transfer and .delivery of the note by Jennings to Brown and Fenno, it was certainly admissible in evidence as a part of that transaction. It was for the jury to determine whether the note for three hundred dollars was in fact and in good faith hypothecated to Brown or Brown and Fenno, by Jennings, to secure the payment of two hundred dollars, or whether that shape was given to the transaction, through artifice, with the intent, and for the purpose of concealing a usurious contract. For that purpose the paper was admissible in evidence, but of its effect the jury was to determine. The doctrine as to the declarations or admissions of the endorser of a bill or note, made before endorsement, we conceive has nothing to do with the question presented. After the exclusion of the receipt by the court, the defendant below offered to prove the note usurious, by Brown and Fenno, the endorsers; but the court held them incompetent, and refused to permit them to be sworn. Whether the endorser of a bill, or note, who is a party to the usurious transaction, is a competent witness to establish that fact, is a question that has been much discussed, and upon which there is a contrariety of authorit}*-. The first case, in which the negative of the proposition was held, was Watson v. Shelly, 1 J. R. 296, and the principle there held was “that no party, who has signed a paper or deed, shall ever be permitted to invalidate that instrument he hath so signed,” and the reason given by Lord Mansfield, in delivering his opinion, was “that it was of consequence to mankind that no person should hang out false colors, to deceive them, by first fixing his signature to a paper, and then afterwards giving his testimony to invalidate it.” The later case of Jordaine v. Lashbrook, 7 Term R. 601, is in favor of the competency of the endorser. That was an action upon a bill of exchange against the accepter, and it was held that the payee, who was also endorser, was a competent witness for the defendant to prove that the bill, which was unstamped and purported to be drawn in Hamburg, was in fact drawn in London, and therefore, void for want of a stamp. In 2 Philips Ev. 71, Cowan & Hill’s notes, will be found a collection of American cases arranged in chronological order, showing the diversity of authority upon the subject, and the various modifications which die doctrine has received. In 1 Phil. Eo. 43, it is said that the case of Watson v. Shelly, is the first in support of the rule of exclusion, and the contrary seems to be fully established. Without going into a discussion of the authorities cited by counsel, from a careful examination of them, we are prepared to adopt the rule as laid down by the Supreme Court of New York, in the case of the Bank of Utica v. Hillard, 5 Cow. 153, “That every person, not interested in the event of the suit, nor incapacitated by his religious tenets, nor by the commission of an infamous crime, is a competent witness. All other circumstances affect his credit only.” The reason given by Lord MaNSFIeld in favor of the rule of Watson v. Shelly, will-not apply in the case before the court, to exclude Brown and Fenno as incompetent. If Wilamouicz received the note in good faith and for a valuable consideration, and had not at tbe time of receiving it, or paying such consideration, actual notice that it had been originally given for a usurious consideration, the testimony of Brown and Fenno will not affect him; but the note is valid in his hands, regardless of the usury in its inceptions between the original parties. Rev. St. ch. 80, sec. 8. If he had actual notice at the time of receiving and paying for the note, that it was tainted with usury, he cannot say that he was mislead as by false colors, by the signatures of the endorsers, and consequently cannot complain that it is unjust that the endorsers should be called to prove a fact, of which he was advised when he took the note. He cannot say that he is injured by the endorser being called as a witness to prove a note void for usury of which he became possessed under a full knowledge of the fact. He took the note with his eyes open, and subject to the consequences. If he had no notice of the usury, the testimony of the endorsers will not affect his right of recovery. Judgment reversed.